**TEXAS UTILITIES ELECTRIC COMPANY, Relator,**

v.

**John McClellan MARSHALL, Judge, 14th Judicial District Court of Dallas County, Texas, Respondent.**

No. 05–87–00887–CV.

Court of Appeals of Texas, Dallas.

Nov. 3, 1987.

Jack Pew, Jr., Mary Emma Karam, John B. Kyle, Dallas, for relator.

William H. Burchette, Foster De Reitzes, Peter J. Plocki, Washington, D.C., Mark C. Davis, Donald Adams, Austin, for Tex–La Elec Co op of Texas.

Blake Tartt, William W. Vernon, Houston, Hugh E. Hackney, Stephen S. Maris, Dallas, for Texas Mun. Power Agency.

Joseph Robert Riley, Waco, for Brazos Elec. Power Co op.

Marshall M. Searcy, Morris Harrell, Darrell E. Jordan, Dallas, Robert A. Jablon, Ben Finkelstein, Donald Weightman, Washington, D.C., for respondent.

Before ENOCH, C.J., and STEWART and BAKER, JJ.

ENOCH, Chief Justice.

Relator Texas Utilities Electric Company (Texas Utilities) complains that respon-

dent the Honorable John McClellan Marshall abused his discretion by compelling production of certain documents, for which the attorney-client privilege and the work-product exception were asserted, in the interest of public policy. It seeks a writ of mandamus to compel the court to vacate its order compelling production. For the reasons given below, we conditionally grant the writ.

Texas Utilities, as majority owner, contracted with Tex–La Electric Cooperative of Texas, Inc., Texas Municipal Power Agency, and Brazos Electric Power Cooperative, Inc. (collectively the minority owners), to construct a two-unit nuclear power plant, known as the Comanche Peak Steam Electric Station (Comanche Peak). The parties disputed their rights and obligations under the contract, and Texas Utilities sued the minority owners in a suit styled *Texas Utilities Electric Co. v. Tex–La Electric Cooperative of Texas, Inc.*, et al., cause number 86–6809–A, pending in the 14th Judicial District Court of Dallas County, Texas, the Honorable John McClellan Marshall presiding (the · 14th Court). Discovery followed, and Texas Utilities produced voluminous documents. For some documents, however, Texas Utilities claimed various exemptions from discovery, under rule 166b(3) of the Texas Rules of Civil Procedure, including the attorney-client privilege and the work-product exemption.

The 14th Court conducted a hearing on the matter. The minority owners contended that the attorney-client privilege and the work-product exemption did not attach. They argued that: (1) Texas Utilities owed them a fiduciary duty as minority owners, so that the privilege and the exemption did not apply; (2) in any case, Texas Utilities' attorneys had also represented their interests in certain administrative proceedings, so that the attorneys had jointly represented all the parties to the suit; (3) much of what Texas Utilities sought to hold back from discovery was material prepared not for the underlying litigation, but for other

purposes; and (4) Texas Utilities was attempting to use the attorney-client privilege and the work-product exemption offensively rather than defensively, and had no right to do so.

The 14th Court announced its findings in open court. It stated that "the attorney[-]client privilege, in fact, exist[ed]." It also stated:

> The fact that we are engaged in the construction of a nuclear power plant creates, it is the opinion of the Court, such a trusteeship and such a fiduciary relationship, not merely inter se, but as between all the owners as a group and the public whose interest is vital and is at stake in this matter. That the failure to disclose this information would be a violation of the trust that the public must have in those entities that are licensed to carry on nuclear power generating operations. The Court will not permit that.

It then said that, because of the public interest, the attorney-client privilege (with, presumably, also the work-product exemption) was "to be set aside." Subsequently, the 14th Court entered an order appointing a master to review all the documents for which Texas Utilities asserted any manner of privilege or exemption from discovery. The master was ordered to "[s]egregate those documents ... to which [Texas Utilities] ha[d] claimed the attorney[-]client privilege under [r]ule 166(b)(3)(a) [*sic*] of the Texas Rules of Civil Procedure [actually the work-product exemption] and/or the attorney[-]client privilege under [r]ule 166(b)(3)(e)/503 [*sic*] [the attorney-client privilege proper] ... and shall produce them to [the minority owners'] counsel forthwith." The master was then ordered to review all the remaining documents, to see whether the remaining exemptions, enumerated in subparagraphs (b) through (d) of rule 166b(3), applied to those documents.

■ There is no dispute that Texas Utilities specifically pleaded the particular privilege or immunity claimed for each of the documents to which it resisted discovery.

It segregated those materials and tendered them to the 14th Court for an *in camera* inspection. In short, Texas Utilities followed the procedure outlined in *Peeples v. The Honorable Fourth Supreme Judicial District Court of Appeals,* 701 S.W.2d 635, 637 (Tex.1985). The 14th Court, however, ordered production of those documents for which Texas Utilities claimed only the attorney-client privilege, work-product exemption, or both, without conducting any *in camera* inspection (either on its own or by the master) of those documents. Thus, the trial court failed to follow the procedure outline in *Peeples.*

The 14th Court, in ordering the production of the documents for which Texas Utilities sought protection, stated that public interest overrides the attorney-client privilege and attorney work-product exemption. No "public interest" exception exists under either rule 166b(3)(a) of the Texas Rules of Civil Procedure or rule 503(d) of the Texas Rules of Evidence. Additionally, the minority owners have cited no authority for such an exception, and we have found none.

The power to create an exception to a rule is vested solely in the Supreme Court of Texas. *Beach v. Runnels,* 379 S.W.2d 684, 686 (Tex.Civ.App.—Dallas 1964, writ ref'd); *see also* TEX.GOV'T CODE ANN. sec. 22.004 (Vernon Pamph.Supp.1987); *Hales v. Chubb & Son, Inc.,* 708 S.W.2d 597, 599 (Tex.App.—Houston [1st Dist.] 1986, no writ). Because the 14th Court predicated its ruling on an exception that it was without authority to create and because it did not follow the procedure mandated in *Peeples,* it abused its discretion.

The minority owners argue that the 14th Court was neither requested to make, nor did make, any written findings of fact and conclusions of law. They assert that compelling discovery is within the sound discretion of the trial court and that, regardless of the reasoning behind the ruling, the actual order entered was within the 14th Court's authority. We disagree. We have the complete statement of facts from the hearing before us, and can therefore re-view the 14th Court's findings as they appear in that statement of facts. *See Middleton v. Kawasaki Steel Corp.,* 687 S.W. 2d 42, 44 (Tex.App.—Houston [14th Dist.] 1985), *writ ref'd n.r.e. per curiam,* 699 S.W.2d 199 (Tex.1985). Irrespective of the trial court's reasoning, as *Peeples* makes clear, when a party resists discovery, the trial court is to follow a certain procedure, including conducting an *in camera* inspection of the material, in arriving at its ruling. 701 S.W.2d at 637. Failing to follow that procedure is an abuse of discretion.

Finally, the parties have reiterated to us many of the same arguments that were brought to the 14th Court: whether Texas Utilities owed the minority owners a fiduciary duty, such that it could not assert privileges or exemptions against them; whether Texas Utilities' attorneys had also represented the minority owners, so that the exception to the attorney-client privilege given in rule 503(d)(5) of the Texas Rules of Evidence applied; whether some material that Texas Utilities sought to withhold from discovery was material prepared for purposes other than the underlying litigation; and whether Texas Utilities could properly invoke the attorney-client privilege and work-product exemption offensively against the minority owners.

■ These contentions involve fact issues. An appellate court may not deal with disputed areas of fact in a mandamus proceeding. *West v. Solito,* 563 S.W.2d 240, 245 (Tex.1978). Indeed, one purpose of the trial court's conducting an *in camera* inspection is so that the trial court, not this Court, can resolve such disputes. Therefore, we do not reach the merits of those arguments, *West,* 563 S.W.2d at 245, and expressly withhold any ruling on them.

Based upon the foregoing, we direct the 14th Court to vacate its order compelling discovery of all documents for which Texas Utilities has asserted the attorney-client privilege or work-product exemption; to arrange an *in camera* inspection of those documents; to determine whether the attorney-client privilege, the work-product

exemption, or both, apply to any particular document; and to enter an order accordingly, compelling production only of those documents to which neither the attorney-client privilege nor the work-product exemption applies. We are confident that the 14th Court will follow our direction, but, if it does not, the writ shall issue.

The petition for writ of mandamus of relator Texas Utilities Electric Company is conditionally granted.