**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Relator,**

v.

**The Honorable Leonard E. HOFFMAN, Visiting Judge, 160th Judicial District Court, Dallas County, Texas, Respondent.**

No. 05–87–01149–CV.

Court of Appeals of Texas, Dallas (5th Dist.).

Feb. 4, 1988.

Leo John Jordan, Dallas, for relator.

Chester J. Hinshaw, Dallas, for real parties in interest Frito–Lay, Inc. and PepsiCo, Inc.

Patricia J. Villareal, John J. Marek, Hollye Fisk, Dallas, for respondent.

Before DEVANY, McCLUNG and HECHT, JJ.

HECHT, Justice.

*O brave new world,*
*That has such* Peeples [1] *in't!* [2]

We continue to struggle with *Peeples v. Fourth Supreme Judicial District,* 701 S.W.2d 635 (Tex.1985). National Union Fire Insurance Company of Pittsburgh, Pennsylvania, urges us to issue our writ of mandamus to the Honorable Leonard E. Hoffman directing him to set aside a discovery order. We hold that:

—National Union did not waive its objections to the production of documents, based upon claims of privilege, by failing to request a hearing on its objections at the time it filed its response to the request for production;

—The trial court abused its discretion by refusing to examine *in camera* the documents National Union claimed to be privileged before denying those claims;

—The trial court did not abuse its discretion in ruling that National Union failed to carry its burden of proving that it did not waive its claim of privilege as to a letter from its attorneys by voluntarily publishing the letter;

—The trial court abused its discretion in ruling that National Union waived its claim of privilege as to "all matters underlying" the letter from its attorneys; and

—The trial court abused its discretion in ordering National Union to produce documents without first ruling on its objection as to the burdensomeness of that production.

We therefore grant National Union's application in part and conditionally issue our writ.

I

■ Frito–Lay, Inc. and PepsiCo, Inc. (collectively "Frito–Lay") have sued National Union for a declaration that National Union is obligated to defend Frito–Lay in a Delaware patent infringement suit. On June 22, 1987, Frito–Lay filed a request for production of documents directed to National Union. On July 24, 1987, National Union filed its response in which it objected to producing many of the documents requested, asserting "work-product", "consulting expert", "investigative" and "attorney-client" privileges.[3] At the time it filed

---

1. *Peeples v. Fourth Supreme Judicial District,* 701 S.W.2d 635 (Tex.1985).

2. Mostly from *The Tempest,* act V, scene i, with apologies to W.S.

3. In response to 31 of 39 categories of documents requested by Frito–Lay, National Union reiterated:

Defendant National Union objects to this request to the extent that it calls for matters that fall within the following exemptions from discovery:

166b.3.a, the work-product privilege;
166b.3.c, the consulting expert privilege;
166b.3.d, the investigative privilege; and
166b.3.e, the attorney-client privilege.

As noted below, *Peeples* requires a party resisting discovery "to specifically plead the particular privilege or immunity claimed". *Peeples,* 701 S.W.2d at 637. *See* Tex.R.Civ.P. 166b.4 (effective Jan. 1, 1988). Not only must the particu-

its response National Union did not request a hearing on its objections and did not tender the documents claimed to be privileged to the trial court for *in camera* inspection.

On September 30, 1987, Frito–Lay filed a motion to compel production of the documents and requested a hearing. On October 5, 1987, National Union filed a motion for protective order, based upon its claims of privilege, and also requested a hearing.

The trial court heard both motions on October 12, 1987. After brief argument, the trial court ruled that National Union had waived its privilege claims by failing to request a hearing on its objections to the production of documents at the time it filed its response to Frito–Lay's request for production. However, the trial court allowed National Union "to make their record."

Before presenting evidence, National Union offered to produce the documents at issue to the court for an *in camera* inspection. National Union then called two witnesses, its regional claims manager and its attorney. Both testified in generalities that they had reviewed the documents in the attorney's possession and that those documents were privileged. Both testified that they believed the documents in the attorney's possession were all the documents called for by Frito–Lay's request, but neither could state that there were no other documents at other National Union offices. At the conclusion of this testimony National Union again offered to produce all documents for an *in camera* inspection.

On October 13, 1987, the day following the hearing, the trial court issued its order. The court found that National Union had waived all its objections to Frito–Lay's requests for production by failing to meet its affirmative burden to request a hearing on its claims or to tender any evidence to

support its claims until the filing of and hearing upon Frito–Lay's motion to compel. The court further found that National Union had failed to establish its privilege claims because it was not prepared at the hearing to meet its burdens under *Peeples*. The court granted Frito–Lay's motion to compel, denied National Union's motion for a protective order, and ordered National Union to produce all the documents requested.

### A

In *Peeples*, the supreme court stated: Any party who seeks to deny the production of evidence must claim a specific privilege against such production. The burden is on the party asserting the privilege from discovery to produce evidence concerning the applicability of a particular privilege....

We hold that a party who seeks to exclude documents, records or other matters from the discovery process has the affirmative duty to specifically plead the particular privilege or immunity claimed and to request a hearing on his motion. The trial court should then determine whether an in camera inspection is necessary. If such inspection is ordered by the trial court, those materials for which the inspection is sought must be segregated and produced to the court. Failure to follow the above procedure constitutes a waiver of any complaint of the trial court's action.

*Peeples*, 701 S.W.2d at 637.

■ A pleading that documents requested to be produced are privileged from discovery is usually contained in a response to the request. As a rule, a response to a request for production must be made within thirty days of the request. TEX.R.CIV.

---

lar privilege be identified, its application must be specifically pleaded. The import of *Peeples* is that claims of privilege must be detailed, not general, and that it is the claimant's burden to make them so.

Reiterating an objection to producing documents "to the extent that" they may fall within particular privileges is not the specific pleading *Peeples* requires. A litany like National Union's may be no more specific than a single blanket

assertion that documents requested may be privileged. The trial court made no determination whether National Union failed to plead specifically, nor do we see how it could have done so on this record without inspecting the documents. We therefore do not address this issue. We should not, however, be read to approve the manner in which National Union has asserted its privilege claims in this case.

P. 167.2. Failure to make a timely response waives any right to claim a privilege. *Hobson v. Moore,* 734 S.W.2d 340, 341 (Tex.1987).

■ The issue in the present case is not whether National Union timely filed its response to Frito–Lay's request for production,[4] but whether it timely requested a hearing on the objections contained in that response. Frito–Lay argues, and the trial court held, that a hearing must be requested within the same time period allowed for the response. We reject this contention for two reasons. First, neither rule 167 nor *Peeples* imposes such a requirement. *Peeples* does require the party resisting discovery to request a hearing but sets no time limit. Second, requiring a party to request a hearing on objections to production of documents at the time those objections are first asserted would unduly burden the trial courts with premature and unnecessary requests for hearings. A party requesting production of documents may choose not to contest an assertion of privilege because the privilege is satisfactorily established in the response, or because the party has reconsidered its need for the documents requested, or for any number of other reasons. Parties are encouraged to work out discovery disputes among themselves without unnecessarily invoking the trial court's attention. To require a request for hearing automatically whenever a claim of privilege is asserted would discourage voluntary resolution of discovery disputes.

■ Frito–Lay argues that unless some deadline is imposed upon a party resisting production of documents to request a hearing on its privilege claims, the burden of requesting the hearing is effectively shifted to the party seeking production, contrary to *Peeples.* We agree that, under *Peeples,* the burden is upon the party resisting production, not the party seeking production, to request a hearing on objections to production, although the latter party may request the hearing if it wishes.[5] We hold, under *Peeples,* that if the party resisting production fails to request a hearing within a reasonable time after its objections have been made and after it appears that the opposing party will insist upon production, its privilege claims may be held to be waived.[6] Although what time is reasonable depends upon the circumstances of each case, a party resisting discovery should act promptly to determine whether a hearing will be necessary and to request it. This rule encourages continuous dialogue between the parties on discovery matters.

■ In the present case National Union did not request a hearing on its privilege claims until after Frito–Lay filed its motion

4. Frito–Lay does not contend here that National Union's response was untimely.

5. We note, however, that in new Texas Rule of Civil Procedure 166b.4, effective January 1, 1988, the supreme court has removed from the party resisting discovery the burden of requesting a hearing on his objections. That rule provides:

Presentation of Objections. In responding to an appropriate discovery request within the scope of paragraph 2 directly addressed to the matter, a party who seeks to exclude any matter from discovery on the basis of an exemption or immunity from discovery, must specifically plead the particular exemption or immunity from discovery relied upon and produce evidence supporting such claim in the form of affidavits or live testimony presented at a hearing requested by either the requesting or objecting party. When a party's objection concerns the discoverability of documents and is based on a specific immunity or exemption, such as attorney-client privilege or attorney work product, the party's objection may be supported by an affidavit or live testimony but, if the trial court determines that an IN CAMERA inspection of some or all of the documents is necessary, the objecting party must segregate and produce the documents. The court's order concerning the need for an inspection shall specify a reasonable time, place and manner for making the inspection. When a party seeks to exclude documents from discovery and the basis for objection is undue burden, unnecessary expense, harassment or annoyance, or invasion of personal, constitutional, or property rights, rather than a specific immunity or exemption, it is not necessary for the court to conduct an inspection of the individual documents before ruling on the objection.

6. We offer no opinion whether this rule should also apply under new Texas Rule of Civil Procedure 166b.4. See note 5 *supra.*

**310**

to compel production of the documents. Nevertheless, we hold on the record before us that National Union did not wait so long to request a hearing as to waive its privilege claims. The trial court's ruling that National Union waived its objections to production by failing to request a hearing on them at the time they were filed was a clear abuse of discretion.

**B**

■ Once a party claims that a document is privileged from discovery, *Peeples* places the burden upon the claimant to produce evidence to establish the privilege. *Peeples,* 701 S.W.2d at 637. That evidence need not invariably include the document itself. Were it otherwise, the trial court would be required to make an *in camera* inspection in every case. A party may meet its burden with conclusive evidence apart from the document itself. By the same token, a party may fail to meet its burden if the evidence offered in support of the privilege is so insufficient that recourse to the document itself is unnecessary.

In at least some cases, however, as the supreme court has noted, when an objection to production is based on a specific privilege, the document itself may constitute the only evidence substantiating the claim of privilege. *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56, 58 (Tex.1986). In such cases the trial court is obligated to inspect the document *in camera.*

■ In the present case, apart from some evidence as to the chronology of events for determining National Union's claim of "investigative privilege", the testimony National Union offered at the hearing amounted to little more than "unverified, global allegation[s]" of privilege. *See Weisel,* 718 S.W.2d at 58. Nevertheless, the undisputed fact that at least some of the documents in question were generated at various times during the investigation of an insurance claim made it necessary for the trial court in this case to examine the documents themselves. Frito–Lay com-

plains that National Union never actually tendered its documents to the court for inspection. It is not necessary, however, at least in every case, that all documents claimed to be privileged actually be delivered to the trial court at the hearing on the claims. By repeatedly offering to produce the documents for the trial court National Union effectively tendered them. By refusing to conduct an *in camera* inspection of the documents, the trial court failed to consider the only competent evidence National Union offered in support of its claims. *See Weisel,* 718 S.W.2d at 58.

■ We offer no opinion as to whether National Union has established its claims of privilege, or whether it will be able to do so.[7] Nor do we hold that an *in camera* inspection is required in every case. *See* TEX.R.CIV.P. 166b.4 (effective Jan. 1, 1988). We hold only, following *Peeples,* that when an *in camera* inspection of documents is necessary to determine claims of privilege, as here, then it is a clear abuse of discretion to refuse to do so. *See also Texas Utilities Electric Co. v. Marshall,* 739 S.W.2d 665, 667 (Tex.App.—Dallas 1987, orig. proceeding).

**II**

National Union's attorneys prepared a letter to their client, dated May 16, 1986, advising that it had some obligation to defend Frito–Lay in the Delaware patent infringement suit. On June 11, 1986, an agent of National Union delivered the letter to an agent of Frito–Lay. Thereafter the parties discussed the letter and the issues it raised.

Frito–Lay requested National Union to produce all documents relating to the May 16 letter, including prior drafts and subsequent documents referring to it. Frito–Lay also noticed the depositions of the two former attorneys for National Union who authored the May 16 letter. National Union contends that the letter and all related matters fall within the attorney-client privi-

7. As we have noted, Texas Rule of Civil Procedure 166b has been modified, effective January 1, 1988.

lege. National Union moved to quash the depositions of its former attorneys. In its order issued October 13, 1987, the trial court denied National Union's motion, stating:

> The Court finds that National Union has failed to meet its burden of establishing that no waiver has occurred.... Therefore, the Court finds that National Union has waived any claim of privilege it might otherwise assert with regard to the testimony of [its former attorneys] as to the May 16 letter as well as any and all communications, knowledge and opinions which underlie the matters addressed in the letter.

■ National Union had the burden of proving that it did not waive its claim of privilege as to the May 16 letter by voluntarily disclosing it to Frito–Lay. *See Jordan v. Court of Appeals,* 701 S.W.2d 644, 649 (Tex.1986); *Gulf Oil Corp. v. Fuller,* 695 S.W.2d 769 (Tex.App.—El Paso 1985, orig. proceeding). From the evidence presented the trial court could well have concluded that National Union failed to carry that burden.

■ Accordingly, the trial court did not abuse its discretion in denying National Union's motion to quash the depositions of its former attorneys. Frito–Lay is certainly entitled to inquire of them about the May 16 letter, as to which National Union has waived its claim of privilege. There may also be other subjects about which Frito–Lay may properly inquire of these witnesses.[8]

■ However, the trial court went much too far in concluding on this record that National Union also waived any claim of privilege as to "all communications, knowledge and opinions which underlie the matters addressed in the [May 16] letter." We cannot determine from the trial court's

order the precise scope of the waiver it found. The extent of National Union's waiver can be determined only in the context of further inquiry by Frito–Lay and objection by National Union. The trial court's blanket determination was an abuse of discretion.

### III

Frito–Lay requested National Union to produce its "claims journal" and all other documents reflecting claims of bad faith or unfair practices. National Union objected that production of these documents would be unduly burdensome[9] and moved for a protective order on this ground. At the hearing National Union's regional claims manager testified that he did not know whether a "claims journal" existed, or whether the information requested had ever been compiled for some other purpose. The witness testified that to search for the documents in the first instance might take three to six months or more and would cripple the claims operation of the company. The trial court denied National Union's motion without specifically addressing its claim of undue burden.

■ National Union had the responsibility of establishing its claim that production of these documents was unduly burdensome. *See Independent Insulating Glass/Southwest, Inc. v. Street,* 722 S.W. 2d 798, 802 (Tex.App.—Fort Worth 1987, orig. proceeding); *see also* TEX.R.CIV.P. 166b.4 (effective Jan. 1, 1988). Although National Union adduced some evidence in support of its claim, it appears that the trial court did not address this claim because it concluded that National Union had waived all objections to the request for production. Inasmuch as we have held that such conclusion was an abuse of dis-

---

8. The proper procedure for resolving any privilege claims regarding the testimony of such deposition witnesses is outlined in Texas Rule of Civil Procedure 215. At the depositions, the attorney-deponents may refuse to answer any questions which violate the privilege. Frito–Lay may then move for an order to compel answers to the contested questions. The trial court can then determine in context whether the matters sought to be discovered are protected by the

privilege. *See West v. Solito,* 563 S.W.2d 240, 246 (Tex.1978).

9. National Union also objected that such documents are irrelevant and privileged. We have previously addressed the privilege objection generally. The relevance objection is not involved in this proceeding.

**312**

cretion, National Union should be given the opportunity to establish its claim of undue burden before it is ordered to produce documents reflecting claims of bad faith or unfair practices. We express no opinion as to the merits of National Union's claim.

## IV

We direct the trial court to vacate its order of October 13, 1987, except to the extent that it denies National Union's motion to quash the depositions of National Union's former attorneys. We further direct the trial court to conduct any further proceedings in accordance with this opinion. A writ of mandamus will issue only if the trial court refuses to follow our directions.