**SHELL WESTERN E & P, INC., Relator,**

v.

**Jesse OLIVER, Judge, 95th Judicial District Court of Dallas County, Texas, Respondent.**

No. 05–88–00014–CV.

Court of Appeals of Texas, Dallas.

March 1, 1988.

Dale Tingleaf, Wm. G. Riddoch, Kim Jensen Clifford, M.W. Parse, Jr., J. Todd Shields, Scott Rothenberg, Houston, for relator.

Karen L. Hirschman, William Hankinson, Dallas, Calhoun Bobbitt, San Antonio, Robert M. Craig, Houston, for respondent.

Before WHITHAM, McCLUNG and STEWART, JJ.

## ON WRIT OF MANDAMUS

McCLUNG, Justice.

Relator Shell Western E & P, Inc. ("Shell"), complains that respondent the Honorable Jesse Oliver abused his discretion by compelling the production of certain documents, for which Shell asserted the attorney-client privilege, without first conducting an in camera inspection. It seeks a writ of mandamus to compel the trial court to vacate its order compelling production. For the reasons given below, we conditionally grant the writ.

Real party in interest Oxy Cities Service NGL, Inc. ("Oxy"), sued Shell and alleged, among other things, that Shell had breached certain fiduciary duties that it owed to Oxy. During discovery, Oxy served Shell with a request for production of documents. Shell produced most of the documents requested, but withheld about two dozen, for which it asserted the attorney-client privilege. Oxy filed a motion to compel their production, and Shell responded with a cross-motion for a protective order. Attached to Shell's motion were several affidavits, including one executed by Shell's corporate attorney. The trial court conducted a hearing on the motions. Both in its motion for a protective order and at the hearing, Shell tendered the disputed documents to the court for an in camera inspection. During the hearing, the parties argued about the sufficiency of Shell's affidavits to establish the attorney-client privilege. Oxy further argued that, in any case, Shell should not be able to assert the attorney-client privilege against Oxy, both

because Oxy claimed to be the beneficiary of Shell's fiduciary duty and because Oxy alleged that the joint-client exception to the attorney-client privilege applied. The trial court took the motions under advisement, and then, without conducting an in camera inspection, ordered Shell to produce the documents to Oxy.

The parties agree that, in order to claim a privilege, Shell was obligated to follow the procedure set forth in *Peeples v. Fourth Supreme Judicial District*, 701 S.W.2d 635 (Tex.1985):

> We hold that any party who seeks to exclude documents, records or other matters from the discovery process has the affirmative duty to specifically plead the particular privilege or immunity claimed and to request a hearing on his motion. The trial court should then determine whether an in camera inspection is necessary. If such inspection is ordered by the trial court, those materials for which the inspection is sought must be segregated and produced to the court. Failure to follow the above procedure constitutes a waiver of any complaint of the trial court's action.

701 S.W.2d at 637. There is no dispute that Shell specifically pleaded the attorney-client privilege for each of the documents that it wished to withhold. There is also no dispute that Shell requested a hearing on its motion for a protective order.

■ The next question is whether Shell "produce[d] evidence concerning the applicability of [the attorney-client] privilege." *Peeples*, 701 S.W.2d at 637. As mentioned earlier, attached to Shell's motion for a protective order was an affidavit of one of Shell's corporate attorneys. That affidavit recited that the affiant had read all the documents at issue. It went on to recite:

> All but [certain specified] documents ... were written by a lawyer to a client. [Those specified] [d]ocuments ... consist of communications from a client to a Shell ... lawyer concerning ongoing disputes with Oxy.... [T]he communications all regarded matters dealing with claims or controversies between Oxy ... and Shell ... as co-owners of [a refining plant, the operation of which gave rise to the pending litigation] or are not relevant to the construction and operation of [that] [p]lant.

An affidavit suffices to produce evidence concerning the applicability of a certain privilege. TEX.R.CIV.P. 166b(4). Nor did Oxy, in any case, object to the admission of Shell's affidavits. Instead, Oxy argued that the affidavits were legally insufficient because they were merely conclusory, rather than containing allegations of fact. We hold that Shell therefore produced evidence that the attorney-client privilege that it had asserted applied. Its affidavit established a *prima facie* case of the applicability of the attorney-client privilege, so that Shell complied with the next step of the *Peeples* procedure. (The remaining affidavits were evidently an attempt by Shell to rebut Oxy's claim that the joint-client exception to the attorney-client privilege applied or that Oxy's assertion of a fiduciary duty binding Shell to it should operate to estop Shell from asserting the attorney-client privilege. Thus, Shell also established a *prima facie* case in rebuttal of Oxy's arguments. *See Jordan v. Fourth Court of Appeals*, 701 S.W.2d 644, 649 (Tex.1985) (the burden rested on the party resisting discovery to show that, when the issue of waiver was once raised, no waiver in fact occurred).)

■ The next question—the central issue in this case—is whether, under these facts, the trial court was obligated to conduct an in camera inspection of the disputed documents. We hold that the trial court was so obligated and that its failure to do so constituted an abuse of discretion.

We acknowledge that *Peeples* states that, after the hearing on the contested privilege, "[t]he trial court should then determine whether an in camera inspection is necessary." 701 S.W.2d at 637. We construe this language, however, to mean not that the trial court has unlimited discretion to choose whether to conduct an in camera inspection, but simply that the trial court must determine whether the claimant of a privilege has met his burden of producing evidence that that privilege applies and has

established a *prima facie* case for the privilege. The documents themselves may constitute the only sufficient evidence, and certainly the best evidence, conclusively substantiating—or overcoming—the claim of privilege, and, under the facts of this case, the trial court "had no choice but to review the allegedly privileged documents." *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56, 57 (Tex.1986) (per curiam). *See also Garcia v. Peeples,* 734 S.W.2d 343, 345–46 (Tex.1987) (an in camera inspection is not mandatory when the trial court is considering merely a protective order, as opposed to considering whether to compel discovery, because the *Peeples* procedure applies when the flow of information to a party is restricted). We conclude, therefore, that: (1) once a party has asserted a specific privilege for specific documents; (2) the claimant of the privilege has moved for an order sustaining his claim; (3) the claimant has requested a hearing from the trial court; (4) the claimant has met his burden of producing evidence establishing *prima facie* that the asserted privilege applies; and (5) the claimant has tendered the contested documents to the trial court for an in camera inspection, the trial court must conduct an in camera inspection of those documents before deciding whether to compel or deny production. Because we have already determined, on the facts of this case as established by the record, that Shell had met its burden of producing evidence, the trial court abused its discretion in compelling discovery before conducting an in camera inspection.

We should not be understood to comment, in any way, on the question whether an attorney-client privilege actually does attach to the documents at issue. We express no opinion on the merits of Oxy's claims that it was a joint client with Shell and therefore entitled to the documents, or that Shell is estopped from asserting the attorney-client privilege as to Oxy because Oxy was a beneficiary of Shell's fiduciary duty. Resolution of those contentions involve fact issues, and an appellate court may not deal with disputed areas of fact in a mandamus proceeding. *West v. Solito,*

563 S.W.2d 240, 245 (Tex.1978); *Texas Utilities Electric Co. v. Marshall,* 739 S.W.2d 665, 667 (Tex.App.—Dallas 1987, orig. proceeding). Nor do we express any opinion on what the documents themselves might reveal, if anything, concerning Shell's claim of privilege. We hold only that, under the facts of this case, Shell was entitled to an in camera inspection of the disputed documents before the trial court ruled on its claim of privilege, and that the trial court abused its discretion in failing to provide an in camera inspection before ruling.

Therefore, we conditionally grant Shell's petition for writ of mandamus, and direct the trial court to vacate its order compelling discovery of the disputed documents, conduct an in camera inspection of those documents, and then make its ruling on whether to compel or deny their production. We are confident that the trial court will proceed accordingly, but, if it does not, the writ shall issue.