**DYNA SPAN CORPORATION, Relator,**

v.

**Leonard E. HOFFMAN, Visiting Judge, 298th Judicial District Court of Dallas County, Texas, Respondent,**

and

**A.R. JOHNSON, Individually, Relator,**

v.

**Adolph CANALES, Presiding Judge,**

and

**Leonard E. Hoffman, Visiting Judge, 298th Judicial District Court of Dallas County, Texas, Respondent.**

Nos. 88–00485–CV, 88–00491–CV.

Court of Appeals of Texas, Dallas.

June 15, 1988.

Caroline Scott, Linda Ibach Shaunessy, Austin, Michael F. Pezzulli, Mike M. Tabor, Charles J. Fortunato, Mark Shank, Dallas, Peter M. Feaman, Boca Raton, Fla., for relators.

Gary W. Sibley, Henry J. Voegtle, Dallas, for respondent.

Before STEPHENS, McCLUNG and BAKER, JJ.

McCLUNG, Justice.

Relators Dyna Span Corporation (Dyna Span) and A.R. Johnson complain that respondent the Honorable Leonard E. Hoffman, sitting as visiting judge for the Honorable Adolph Canales, abused his discretion by denying a motion for protective order on a subpoena duces tecum and notice of deposition for Johnson. Johnson was Dyna Span's president. The corporation did a national business with headquarters located in Florida where Johnson also resided. The State sought to discover both Johnson's personal and Dyna Span's corporate state and federal income tax returns for the years 1985, 1986 and 1987 and each relator asserted an exemption from discovery of the respective returns based on relevancy. They claimed the court abused its discretion by failing to conduct an in camera inspection of the returns to separate the relevant information from any irrelevant and immaterial personal data. Dyna Span and Johnson seek a writ of mandamus to compel the trial court to vacate its order denying their protective order. For the reasons given below, we conditionally grant the writ.

Real party in interest, State of Texas, represented by the Attorney General's Office, sued Dyna Span and Johnson, individually and as president of Dyna Span. The State alleged that Dyna Span and Johnson conducted the business of insurance in Texas without authority of law and committed a violation of the Deceptive Trade Practices Act. The State sought as its remedy restitution of premiums and membership fees

paid to the corporation by its insureds, establishment of a reserve fund for payment of claims, civil penalties, attorneys' fees, costs and permanent injunctive relief.

Dyna Span and Johnson filed a verified motion for protective order. The motion claimed an exemption based on *Maresca v. Marks,* 362 S.W.2d 299 (Tex.1962), asserting that only relevant and material information should be discoverable. The motion contended that the financial solvency of the corporation and Johnson was not at issue in the cause of action filed by the State. The motion specifically requested that the court hold an in camera inspection to determine if the documents requested were material and subject to discovery.

The court ordered ("April 6 order") that the deposition go forward, but did not hold an in camera inspection before ordering the income tax returns to be produced. The court did place a protective order on the state and federal income tax returns to restrict viewing of those returns to the State's counsel of record and required that before any information on Johnson's net worth and financial status could be used by the State, it was to seek permission of court to use such information.

The deposition was conducted in Florida, but Johnson did not produce the tax returns. Instead Dyna Span and Johnson filed a motion to vacate the April 6 order. A hearing on that motion was held on April 14, 1988. The record from that hearing clearly states Johnson's position:

> [Johnson's attorney]: The question before the Court is that the income tax return, by a verified motion to the Court, had been identified as being exempt from discovery. A verified motion was before the Court for protection of documents of those income tax returns, and an offer was being made to tender those to the Court for in camera inspection in order to separate the relevant portions from the irrelevant portions of the documents.

Respondent Hoffman, sitting as visiting judge, entered an order on April 14 ("April 14 Order") denying the motion to vacate and modifying the April 6 order only to change an incorrect word.

Under *Peeples v. Fourth Court of Appeals,* 701 S.W.2d 635 (Tex.1985), the party resisting discovery has the burden to plead the specific privilege or exemption claimed and to request an in camera hearing. The party asserting the privilege or exemption must produce evidence concerning the applicability of the particular privilege or exemption. *See Peeples,* 701 S.W.2d at 637; *Weisel Enterprises v. Curry,* 718 S.W.2d 56 (Tex.1986); *Shell Western E & P Inc. v. Oliver,* 751 S.W.2d 195, 196 (Tex.App.—Dallas 1988, orig. proceeding).

Here the exemption claimed by Dyna Span and Johnson has long been recognized in Texas case law. The general rule is that income tax returns are not wholly privileged documents but are subject to discovery to the extent that portions of them are relevant and material to the issues in the case. *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434, 440 (1959); *Maresca v. Marks,* 362 S.W.2d 299, 300 (Tex.1962). Items such as charitable contributions, interest paid, real estate taxes paid, medical expenses, casualty loss, and interest income have been held to be totally irrelevant and immaterial and beyond the scope of discovery. *Maresca,* 362 S.W.2d at 300.

The law has now shifted the burden of proof from the party seeking discovery to the party resisting discovery. *Compare Narro Warehouse v. Kelly,* 530 S.W.2d 146, 150 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.), to *Weisel Enterprises,* 718 S.W.2d at 58. Recent cases, however, have continued to apply the same standard as earlier cases that a judge must make a personal inspection of tax returns and that his failure to do so is an abuse of discretion. *San Antonio Models v. Peeples,* 686 S.W.2d 666, 670 (Tex.App.—San Antonio 1985, orig. proceeding); *Wielgosz v. Millard,* 679 S.W.2d 163, 167 (Tex.App. —Houston [14th Dist.] 1984, orig. proceeding). It is the responsibility of the trial judge to personally examine the income tax returns and determine what information is relevant and material. *See Narro Warehouse,* 530 S.W.2d at 146. A trial judge abuses his discretion in ordering production of a party's entire income tax return if he

fails to separate the relevant and material parts from the irrelevant and immaterial parts. *Maresca,* 362 S.W.2d at 300.

■ In the case before us the issue of relevancy of the income tax returns was squarely before the court. The trial court, however, demanded the actual tax returns themselves be produced at each of the motions hearings. It ruled that Dyna Span and Johnson had waived any claim of the privilege by failing "to present something in camera at the time of the hearing." We have held that the documents themselves do not need to be offered. *National Union Fire Ins. v. Hoffman,* 746 S.W.2d 305, 310 (Tex.App.—Dallas 1988, orig. proceeding.) The trial court also ruled that since Dyna Span and Johnson did not have the tax returns physically present in the courtroom at the time of each of the motions hearings there was no tender. We do not agree with the trial court's ruling that there was no tender. We hold that the offer to make the documents available to the court pending the court's decision to inspect them is an effective tender. Once a tender is made, it is then incumbent on the trial judge to determine if he will hold an in camera inspection and indicate when he desires to inspect the questioned documents. *Peeples,* 701 S.W.2d at 637.

■ Thus, Dyna Span and Johnson, by filing their motions stating the exemption claimed, requesting an in camera inspection and offering to tender the documents, had met their burden under *Peeples* and its progeny. Once the party resisting discovery has satisfied these initial requirements, the burden to go forward then rests with the trial court to determine whether an in camera inspection is necessary. *Shell Western,* 751 S.W.2d at 196.

■ The trial court, however, never ruled or determined if an in camera hearing was necessary. Ordinarily, an in camera inspection is not mandatory on a motion for protection which seeks only to limit the dissemination of discovery materials. *Garcia v. Peeples,* 734 S.W.2d 343, 345 (Tex. 1987). However, when an in camera inspection of the documents is necessary to determine the claims of privilege or an

exemption it is a clear abuse of discretion to refuse to hold an inspection. *Shell Western,* 751 S.W.2d at 196, *National Union,* 746 S.W.2d at 310. The nature of the claim of exemption for income tax returns based on relevancy is such a circumstance, and an in camera inspection is required to separate the relevant material from the irrelevant material.

■ It is clear from the record before us that the court appointed opposing counsel to inspect the tax returns. The court responded to the State's claim that it was not interested in Johnson's charitable contributions as follows:

> THE COURT: This is why the Court appointed you [State's attorney] to look at it [tax return] as an extension of the Court and why the Court would not let everybody else look at it.

> •   •   •   •   •

> THE COURT: And to see what was relevant. And then what you wanted to do is come back to the Court.

The responsibility for the trial judge to personally inspect the income tax returns to determine relevant matters should not be delegated. Once an adversary has obtained confidential and irrelevant material the information cannot be retrieved. *See Maresca,* 362 S.W.2d at 301. To delegate the determination of relevant matters to opposing counsel is a clear abuse of discretion. An abuse of discretion occurs when the court acts without reference to any guiding rules and principles or when its act was arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W. 2d 238, 241–242 (Tex.1985).

We do not comment, in any way, on the question of whether information in the tax returns is relevant to the issues in the underlying cause of action pending before the court. Resolution of that contention involves fact issues, and an appellate court may not deal with disputed areas of fact in a mandamus proceeding. *West v. Solito,* 563 S.W.2d 240, 245 (Tex.1978); *Texas Utilities Electric Co. v. Marshall,* 739 S.W.2d 665, 667 (Tex.App.—Dallas 1987, orig. proceeding.) Nor do we express any opinion

on what the income tax returns themselves might reveal, if anything, concerning Dyna Span and Johnson's financial condition. We hold only that, under the facts of this case, Dyna Span and Johnson were entitled to an in camera inspection of the income tax returns before the trial court ordered production of the entire tax returns to opposing counsel, and that the trial court abused its discretion in failing to provide an in camera inspection before so ruling. The trial court cannot avoid inspecting the income tax returns in this case by seizing on a technicality that the documents were not physically tendered to the court. There is a sufficient tender when the party resisting discovery offers to make the documents available to the court for its inspection. The court then must determine if it will inspect such documents and set a time and place for such inspection.

Therefore, we conditionally grant Dyna Span's and Johnson's petitions for writ on mandamus, and direct the trial court to vacate its April 6 order and April 14 order as it refers to those disputed documents, conduct an in camera inspection of the income tax returns, and then make its ruling on the portions of the income tax returns which may or may not be relevant. We are confident that the trial court will proceed accordingly, but if it does not, the writ shall issue.