Ray F. WILSON and Five Eleven
Home Repair, Inc., Appellants,

v.

SNEAD SITE PREPARATION,
INC., Appellee.

No. B14–88–00164–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 3, 1989.

Ray F. Wilson, Houston, for appellants.

Elliott Klein, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a judgment in a suit on a sworn account. We affirm.

Appellee, Snead Site Preparation, Inc. (hereafter Snead), entered into a contract with Mr. Ray F. Wilson, owner of Five Eleven Home Repair, Inc. (hereafter Five Eleven), whereby Snead agreed to do earth moving work on a project Mr. Wilson had with the Texas Highway Department. The total bill for the work was $14,068.61. Mr. Wilson made partial payment of $5400.00 for the work on February 13, 1984, leaving a balance of $8668.61 unpaid.

On March 22, 1985, Snead filed a sworn petition under Rule 185 to recover this remaining balance. Appellants answered alleging that the earth moving work had been performed improperly, that the earth was placed at the wrong location, and that Snead charged Appellant an hourly rate rather than the agreed charge for moving the dirt by a cubic yard rate. Appellants counterclaimed for $53,350.00 for damages resulting from the improperly performed work. The jury awarded Snead $8668.61 plus interest, costs and attorney's fees and found against Appellants on their counterclaim.

Appellants assert five points of error on appeal. In their second point of error, Appellants contend the trial court erred in denying Appellants' Motion for Misjoinder.

Both Ray Wilson and Five Eleven Home Repair, Inc. were named as defendants in Appellee's Original Petition. The petition alleged that Ray Wilson acted in his individual capacity and failed to reveal to Appellee that he was acting as an agent for Five Eleven Home Repair, Inc., when he contracted for the services. The Appellee further alleged that the corporation, Five Eleven Home Repair, Inc., was the alter ego of Mr. Wilson.

Appellants responded to these allegations in their Original Answer as follows:

V

Referencing the allegations embodied in Paragraph Four of Plaintiff's Petition in effect that Five Eleven is a sham is false and reflects Plaintiff's disregard for truth and honesty.

VI

Referencing the allegations in Paragraph Five that Ray F. Wilson in effect acted as undisclosed agent for Defendant Corporation, your Defendant would show the Honorable Court and Jury that Plaintiff's misrepresentations are asserted to establish through fraud and misrepresentation joint and several liability against Defendant Ray F. Wilson.

Subsequently, Appellants filed a verified Defendants' Special Exceptions which reads in pertinent part:

That inasmuch as said Five Eleven Home Repair, Inc. is not the alter ego of said Ray F. Wilson, thus he is not a proper party and for said reason request dismissal of any cause of action against said Ray F. Wilson.

■ If a defendant seeks to establish as an affirmative defense that he is not liable in the capacity in which he was sued, he must file a pleading, verified by affidavit, setting up such defense. TEX.R.CIV.P. 93.

■ We find that both Appellants' Original Answer and the Defendants' Special Exceptions simply denied the allegations in Appellee's petition. This is insufficient to raise an affirmative defense as to Mr. Wilson's individual liability. *Butler v. Joseph's Wine Shop, Inc.*, 633 S.W.2d 926, 929–30 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Appellants' pleadings fail to specifically raise the affirmative defense that Mr. Wilson is not liable in the capacity in which he was sued. Further, there is no showing in the record that Defendants' Special Exceptions were ever brought to the trial court's attention or ruled upon. Special exceptions that are not called to the trial court's attention are waived. *Dodson v. Citizens State Bank of Dalhart*, 701 S.W.2d 89, 95 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.).

■ Even if the issue had been properly raised, Mr. Wilson offered no proof at trial to support such an affirmative defense. He did not offer proof of a corporate charter or that he made Appellee aware that he was acting in a corporate capacity. Mr. Snead testified that he did not know that Mr. Wilson was representing a corporation. The checks by which Mr. Wilson made partial payment for the earth moving services were drawn on the account of "Five Eleven Home Repair" without any indication that it was a corporation.

We hold that Appellant Ray Wilson failed to properly raise the affirmative defense that he was not liable in the capacity in which he was sued; therefore, the trial court did not err in denying his Motion for Misjoinder. Point of error two is overruled.

Appellants' remaining four points of error concern the exclusion of certain documents from the evidence presented at trial. In their first point of error, Appellants complain the trial court erred in granting Appellee's Motion in Limine.

■ The record reveals that on February 4, 1987, Appellee filed a Request for Production, requesting that Appellants produce certain documents. Appellants filed a Motion to Protect Records, seeking payment for the cost of reproducing these documents. The trial court granted this Motion to Protect and ordered Appellee to pay in advance for reproduction costs. Appellants failed to produce the documents within the prescribed time limits for production and Appellee filed a Motion for Sanctions. On July 27, 1987, Appellants delivered several hundred documents to Appellee's counsel. However, not all of the requests in Appellee's Request for Production were responded to by this production. Specifically, no documents were provided in response to Request No. 6 which called for:

Any and all documents evidencing the the [sic] remedial work you allegedly had to have done in 1984 because of Snead Site Prepoaration, Inc. [sic] allegedly hauling dirt to the wrong location. Said documents include but are not limited to work orders, contracts, billing statements, lease agreements, lease contracts, invoices, cancelled checks and receipts.

Shortly before trial, Appellee filed its Motion in Limine to preclude Appellants from introducing into evidence any documents not produced pursuant to Appellee's Request for Production. At the pre-trial hearing on the motion, the trial court did not rule on the Motion, but stated, "... if they have not produced them, then they can't use them during the trial." During the trial, Appellants attempted to introduce Defendant's Exhibit No. 2, a document summarizing the cost of the remedial work. Appellee objected that Appellants were attempting to introduce a document which

had not been produced in response to the Request No. 6. The court ordered Mr. Wilson to locate the document, or other documents from which it was compiled, in the items he had delivered to Appellee in response to the Request for Production. Mr. Wilson was unable to locate the documents and the objection was sustained. The trial court informed Mr. Wilson that he would, however, be allowed to prove up the damages asserted in his counterclaim in any other way he could.

Later in the trial, Mr. Wilson attempted to read from Defendants' Exhibit No. 2. Appellee again objected and the trial court sustained the objection. Appellants then made a Bill of Exception during which Defendants' Exhibit No. 3, a group of seven checks written by Mr. Wilson in payment for alleged remedial work, was marked for identification. Appellee's counsel testified that he did not receive Defendants' Exhibit Nos. 2 or 3 in response to the Request for Production. The trial court made a finding of fact that the documents included in Defendant's Exhibit No. 3 were never delivered to Appellee. No further evidence was offered on the Bill of Exception. The trial continued and Mr. Wilson testified as to those matters previously excluded and to the remedial work. His recollection was that the total cost of such remedial work was $54,000.

■ TEX.R.CIV.P. 215 authorizes the trial court to exclude evidence previously requested but not produced. *Town East Ford Sales, Inc. v. Gray*, 730 S.W.2d 796, 809 (Tex.App.—Dallas 1987, no writ); *Olin Corporation v. Dyson*, 678 S.W.2d 650, 655 (Tex.App.—Houston [14th Dist.], 1984), *rev'd on other grounds*, 692 S.W.2d 456 (Tex.1985). The exclusion of evidence as a discovery sanction is within the sound discretion of the trial court and should not be disturbed absent an abuse of discretion. *Town East Ford Sales, Inc. v. Gray*, 730 S.W.2d at 809; *Texas Employers' Ins. Assoc. v. Meyer*, 620 S.W.2d 179, 180 (Tex.Civ.App.—Waco 1981, no writ). We find no abuse of discretion. Point of error one is overruled.

■ In their third point of error Appellants assert the trial court erred in overruling Appellants' Amended Motion for New Trial.

At the conclusion of the trial, Appellants filed a Motion for Judgment Notwithstanding the Verdict. The trial court held a hearing and then denied this motion. Appellants filed their Motion for New Trial and an Amended Motion for New Trial. The grounds alleged for a new trial were: (1) that new evidence was available; (2) error in the denial of the Motion for Misjoinder; (3) error in excluding documents pursuant to the Motion in Limine; and, (4) error in permitting prejudicial jury argument by Appellee. Attached to the amended motion was the affidavit of Mrs. Faye D. Gray, secretary for Five Eleven, stating that she personally verified complete production of the items requested in the Request for Production by checking each item in the corporation's computer runs, and that she personally delivered the documents to Appellee's attorney. At the hearing on the Amended Motion for New Trial, Mrs. Gray testified that she delivered documents to Appellee's attorney pursuant to the Request for Production. However, she did not testify that she delivered the *specific documents* excluded by the trial court. We have already held that the trial court did not err in denying the Motion for Misjoinder or in excluding documents not produced by Appellants in response to Appellee's Request for Production No. 6. Consequently, Appellant offered no proof of delivery of the documents and we find no error in the trial court's denial of a new trial on these grounds.

■ The final point of error asserted by Appellants as a basis for a new trial was prejudicial jury argument. Appellants' brief does not direct us to any portion of the Appellee's jury argument which they feel was so prejudicial as to entitle them to a new trial. However, their Amended Motion for New Trial asserts that Appellee's attorney argued improperly that Appellants had no evidence when in fact the Court's granting of the Motion in Limine kept Appellants from presenting their evi-

dence. We have reviewed the jury argument and we find that the trial court sustained Appellants' objection to the argument and instructed the jury to disregard. We find that the trial court's instruction cured any possible harm resulting from this remark. Point of error three is overruled.

In their fourth point of error, Appellants assert the trial court erred "in its attempt to anticipate a present live witness's testimony as a substitute for the testimony of said witness." Appellants contend the trial court refused to allow the testimony of Mrs. Gray on Appellants' Bill of Exception. We find this assertion incorrect. The record shows that Appellants were presenting their evidence on their Bill of Exception regarding exclusion of Defendants' Exhibit Nos. 2 and 3, when Appellants' attorney informed the court: "And then later in this Bill of Exception we would like to call forth the witness who delivered this material to this gentleman's office who can attest to the fact that it was delivered." The court responded, "If she is just going to testify that she delivered a box, then it won't serve a thing." We do not find that the court's comment was a ruling excluding Mrs. Gray's testimony, but rather a comment that testimony that she delivered a "box" would not prove that the specific documents excluded by the court were contained in that box she delivered. Appellants did not offer Mrs. Gray's testimony on the Bill of Exception; therefore, the trial court did not exclude her testimony.

Appellants also complain that Mrs. Gray's testimony was improperly excluded at the hearing on the Motion for Judgment Notwithstanding the Verdict. At the hearing on this motion, Appellants attempted to offer Mrs. Gray's testimony for inclusion in the Bill of Exception. It was not offered as evidence to support the Motion. The court ascertained that Mrs. Gray had been present and available to testify at trial and on this basis overruled Appellants' Motion for Bill of Exception. We find the trial court did not err. Point of error four is overruled.

In their final point of error, Appellants contend the trial court was biased in favor of Appellee and against Appellants and that this bias denied Appellants procedural and substantive due process. We have reviewed the entire record in light of these contentions and find them to be without merit. Point of error five is overruled.

Accordingly, the judgment of the trial court is affirmed.