**KENTUCKY FRIED CHICKEN NATION-AL MANAGEMENT COMPANY and/or KFC National Management Company, Relators,**

v.

**Honorable Geraldine TENNANT, District Judge of the 113th District Court, Harris County, Texas, Respondent.**

No. 01–89–00249–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 20, 1989.

Michael A. Pohl, James L. Hordern, Pohl & Bennett, Houston, for relators.

Donna Roth, Thomas N. Thurlow, Houston, for respondent.

Before EVANS, C.J., and HUGHES and COHEN, JJ.

## ORIGINAL PROCEEDING ON PETITION FOR WRIT OF MANDAMUS

HUGHES, Justice.

Relator, Kentucky Fried Chicken Management Company ("KFC"), seeks mandamus relief from the respondent's discovery order denying KFC access to the psychiatric records of the real parties in interest, Sondria DeClues and Shirley Calligan (collectively referred to as "plaintiffs"). We conditionally grant the petition for writ of mandamus.

The plaintiffs in the underlying action include Calligan; her daughter, DeClues; and three other family members. Plaintiffs sued KFC for allegedly causing their food poisoning on January 7, 1987. DeClues alleged that antibiotics prescribed for the food poisoning made her fear for the health of her unborn child. Calligan alleged that she also feared for the health of her unborn grandchild, as well as for her own life and the lives of her family.

During discovery, KFC obtained medical records showing DeClues had been treated for an overdose of drugs and alcohol, 16 months before the alleged food poisoning. KFC also discovered that Calligan had been under psychiatric care before and after January 7, 1987. KFC sought detailed records of DeClues's drug and alcohol treatment and of Calligan's psychiatric treatment. St. Joseph's Hospital refused to release those records without an authorization specifically referring to psychiatric records.

Accordingly, by a letter dated September 20, 1988, KFC requested authorizations for the release of plaintiffs' psychiatric records, pursuant to Tex.R.Civ.P. 166b(2)(h). The following October 19, plaintiffs responded with signed medical authorizations that did not refer to psychiatric records. On October 28, KFC filed a motion to compel the production of signed psychiatric records releases.

KFC's motion alleged that the psychiatric records were discoverable under Tex.R. Civ.Evid. 510(d)(5), which states an exception to the confidentiality of mental health information when the information is "relevant to an issue of the physical, mental or emotional condition of a patient in any proceeding in which any party relies upon the condition as a part of the party's claim or defense." KFC contended that the psychiatric records might "prove that much of the Plaintiffs' mental anguish and worry was caused by other problems of the Plaintiffs and was not a result of any alleged harm caused by KFC."

The plaintiffs filed no response to the motion to compel. After an oral hearing of which no record was made, Judge Tennant denied KFC's motion.

KFC then filed a motion for reconsideration, again arguing that the plaintiffs' psychiatric records were relevant to KFC's defense against the plaintiffs' claims that food poisoning was solely responsible for their mental anguish. In this motion, KFC alleged that Calligan had a history of "convert[ing] stress into nonexistent physical ailments." KFC also observed that DeClues claimed twice the damages of the other plaintiffs because she allegedly suffered greater mental anguish, and argued that a jury could reasonably find that DeClues was really concerned about the effects of her alleged drug and alcohol abuse on her unborn child.

In response to the motion for reconsideration, the plaintiffs asserted that their psychiatric records were not discoverable, because KFC had not shown that the plaintiffs' mental condition was genuinely in controversy or that there was good cause for production of the psychiatric records. *See Coates v. Whittington,* 758 S.W.2d 749, 751 (Tex.1988) (construing Tex.R.

Civ.P. 167a regarding the mental examination of parties). The statement of facts from the hearing on the motion for reconsideration reflects that the plaintiffs offered no evidence in support of their claims of privilege.[1] The respondent denied the motion for reconsideration.

■ We have jurisdiction to review the respondent's order denying discovery for an abuse of discretion. *Jampole v. Touchy*, 673 S.W.2d 569, 576 (Tex.1984). Respondent abused her discretion only if the facts and circumstances compelled a contrary decision. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917–18 (Tex.1985).

■ KFC argues that the plaintiffs waived their privilege by failing to plead and prove its existence. The plaintiffs first respond by asserting that KFC never served a proper request for production. They complain that KFC "blanketed" its request within an informal letter that failed to describe each item or category of items sought with reasonable particularity. *See* Tex.R.Civ.P. 167(1)(c).

KFC was not required to file a request for production in any particular form. This case involves a rule 166b(2)(h) request for a medical authorization, not a rule 167(1)(c) request for production. Rule 166b(2)(h) requires a party to furnish a medical authorization "upon written request." KFC's request was in writing and accompanied by an authorization form. To comply with the request, the plaintiffs need only have signed the authorization provided and returned it to KFC. Plaintiffs' arguments under rule 167(1)(c) are misplaced.

The plaintiffs also contend that they responded with sufficient objections to the letter request by providing alternative medical authorizations with the following language:

THIS AUTHORIZATION IS STRICTLY LIMITED TO THE FURNISHING OF THE SAID COPIES, OF MEDICAL RECORDS [related to treatment after January 7, 1987] AND YOU ARE HEREBY EXPRESSLY INSTRUCTED:

\* \* \* \* \* \*

(3) NOT TO FURNISH ANY OTHER INFORMATION OR RECORDS OF ANY KIND OR NATURE, OTHER THAN THE MEDICAL RECORDS DESCRIBED ABOVE....

\* \* \* \* \* \*

THIS AUTHORIZATION IN NO WAY SERVES AS A RELEASE OF PATIENT'S PHYSICIAN–PATIENT PRIVILEGE, EXCEPT TO THE EXTENT EXPRESSLY STATED HEREIN.

Plaintiffs contend that this language sufficiently raised the physician-patient privilege.

■ Rule 166b(4) requires a specific pleading of the "particular exemption or immunity from discovery relied upon...." A privilege and its application must be specifically pleaded by the objecting party. *National Union Fire Ins. Co. v. Hoffman*, 746 S.W.2d 305, 307 n. 3 (Tex.App.—Dallas 1988, orig. proceeding). Claims of privilege must be detailed, not general, and it is the claimant's burden to make them so. *Id.*

■ The authorizations provided by the plaintiffs raised the physician-patient privilege but failed to specify its applicability to the request for documents relevant to KFC's defense, i.e., by stating why the psychiatric records in controversy would not be relevant. *See* Tex.R.Civ.Evid. 510(d)(5) (relevant mental health records discoverable). Plaintiffs failed to either plead or prove why their psychiatric records were not relevant to KFC's defense.

"Relevant evidence" includes any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex.R.Civ.Evid. 401.

---

1. Plaintiffs do not claim that they presented evidence at the hearing on KFC's motion to compel, nor do they claim that anything occurred then that was not recorded, but which would support the judge's ruling. Thus, the absence of the statement of facts from the first hearing is not fatal to relators' claim for relief, and we will not presume that evidence was heard then that supported the trial judge's ruling.

Psychiatric records relevant to a party's defense are discoverable. *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105, 107 (Tex.1985). Relevant evidence may be *inadmissible* if its probative value is outweighed by its prejudicial effect, Tex.R.Civ. Evid. 403, but such evidence remains discoverable. Tex.R.Civ.P. 166b(2)(a).

The plaintiffs' psychiatric records were discoverable unless plaintiffs demonstrated that the records neither proved nor disproved the validity of KFC's defense. Plaintiffs might have proved this by producing records in camera that showed KFC's allegations of relevance to be false. The failure to plead the application of the privilege or to offer any sort of proof waived the plaintiffs' claims of privilege. *See Barnes v. Whittington,* 751 S.W.2d 493, 496 (Tex.1988) (no evidence that hospital committee records fell within privilege).

 Plaintiffs rely upon a case construing Tex.R.Civ.P. 167a, which allows compulsory mental examinations when mental condition is in controversy, upon a showing of good cause. *Coates v. Whittington,* 758 S.W.2d at 751. Plaintiffs acknowledge that this is not a rule 167a case, but cite *Coates* for the proposition that their mental health records are not in controversy in this proceeding.

In *Coates,* the supreme court held that a party's mental condition is not put in controversy by· routine allegations of mental anguish. 758 S.W.2d at 753. The *Coates* court observed that the party seeking discovery had failed to show any nexus between Mrs. Coates's psychiatric history and her claims of damages. *Id.* at 752.

In contrast, KFC has placed the plaintiffs' mental conditions in controversy by alleging a connection between the plaintiffs' psychiatric histories and their claims for damages. KFC was not required to show good cause for the production of a medical authorization under rule 166b(2)(h). Rule 167a's good cause requirement protects parties from unnecessary mental examinations by requiring a showing that the evidence sought could not be obtained by less intrusive means. *Coates v. Whittington,* 758 S.W.2d at 753. KFC has not re-

quested a mental examination, but has sought discovery through less intrusive means. No showing of good cause was required.

It appears that the respondent's order denying discovery was based upon the assumption that *Coates v. Whittington* barred the discovery of the plaintiffs' mental health records. *Coates* does not govern this case. Upon KFC's demonstration of relevance, the burden shifted to the plaintiffs to plead and prove the records were not relevant. In light of the plaintiffs' waiver, the respondent abused her discretion by denying KFC's motions to compel and for reconsideration. *See Barnes v. Whittington,* 751 S.W.2d at 496.

We conditionally grant the writ of mandamus. Mandamus will not issue unless the respondent fails to vacate her orders denying KFC's requests for the production of a psychiatric records release.